### HAUGHNEY v. GIFFORD et al.
### No. 6130.

Circuit Court of Appeals, Third Circuit.

Feb. 4, 1937.

THOMPSON, Circuit Judge, dissenting.

Owen M. Burns, of Erie, Pa., for appellant.

Gunnison, Fish, Gifford & Chapin and O. J. Graham, all of Erie, Pa., and Tolles, Hogsett & Ginn, of Cleveland, Ohio, for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the receivers of a national bank invoked the aid and jurisdiction of the District Court in determining whether the funds in the trust department should be paid to the bondholders of the Lawrence Hotel Company or be distributed among the unsecured creditors of the bank. The facts are thus stated in the opinion of the court:

"We find the facts to be as so stipulated. Briefly stated, this stipulation discloses that the Lawrence Hotel Company executed and delivered to The Second National Bank of Erie, as Trustee, a mortgage deed of trust of its properties at Erie to secure certain bonds.

"This deed of trust provided that the Hotel Company should deposit with the Bank as trustee on the 25th day of each month: (1) an amount equal to one-sixth of the next maturing interest on the mortgage bonds; and (2) an amount equal to one-twelfth of the principal of the next maturing bonds issued under said mortgage trust deed.

"Under these provisions, the Hotel Company had deposited with the Trust Department of the Bank $4,041.83 as sinking-fund moneys, and $21,480 for the payment of interest coupons to fall due March 1, 1933. The payments to these two accounts were made by the Hotel Company by checks payable to 'The Second National Bank (Trust Department),' or 'Second National Bank (Trustee Account),' which were credited by the Commercial Department of the Bank in a ledger of that Department designated as 'Trust Account, Second National Bank No. 2', and were al-

so entered by the Trust Department upon a deposit sheet designated 'Trust Department, Second National Bank, No. 2 Account.'

"At the time these deposits were made, the Commercial Department of the Bank had on deposit with the Trust Department, United States bonds or other securities approved by the Federal Reserve Board, having a market value equal to the amount of the said deposits, plus all other amounts deposited by the Trust Department with the Commercial Department of the Bank. These deposits were made pursuant to the provisions of the Federal Reserve Act and of Subsection (b) of Section VIII of Regulation F, Series of 1930, of the Federal Reserve Board.

"The Receiver, since the institution of this suit, had paid to, or for the benefit of, the bondholders, $7,143.79, leaving a balance in the account of $18,427.94.

"The question presented is, whether this balance is a protected or prior claim, or whether it is only a general claim against the Bank. The bondholders contend that these deposits are protected by the bonds deposited by the Commercial Department of the Bank with its Trust Department. The Receiver contends that these deposits are not so protected, but merely are general claims against the Bank. * * *

"Our conclusion is that these deposits are protected deposits, and as the collaterals held by the Trust Department of the Bank to secure them are ample for that purpose, they should be paid in full.

"The principal of these deposits was turned over to the Trustee for the Mortgage Sinking Fund, and to pay interest on the mortgage bonds. It was a special trust deposit. The fact that the Bank agreed to pay interest to the Hotel Company did not change the trust character of the deposit, which was for the benefit of the bondholders who would derive no benefit from the interest payments by the Bank to the Hotel Company."

After consideration, and finding ourselves in accord with the holding of the court below, its decree is affirmed.

THOMPSON, Circuit Judge (dissenting).

This is an appeal from a decree of the District Court for the Western District of Pennsylvania. The appellant is the receiver of the Second National Bank of Erie. He brought a bill in equity against the Bondholders' Protective Committee of the Lawrence Hotel Company praying for the discharge of the bank as trustee. The Lawrence Hotel Company executed a mortgage deed of trust to the bank. In accordance with the provision of the deed of trust, the Lawrence Hotel Company made deposits with the bank to meet interest payments and to retire the bonds. Those deposits were credited by the commercial department of the bank to the trust department in an account designated as "Trust Account, Second National Bank, No. 2." Payments aggregating $18,427.94 were on deposit with the bank when the bank went into receivership. Under the provisions of the deed of trust, the bank undertook to pay to the Lawrence Hotel Company interest on any cash balances held by the bank. The funds on deposit with the bank were not protected money deposits under section 11 (k) of the Federal Reserve Act, as amended (12 U.S.C.A. § 248 (k), because they were not "awaiting investment" as required by the act. The provision that the bank pay interest on the funds deposited by the Lawrence Hotel Company indicates that those funds were to be used by the bank and not segregated in a trust account. Under the terms of the deed of trust, the deposit was a general deposit and not a special trust deposit. From a practical business standpoint, the bank's undertaking to pay interest must have been based on the right or privilege to use the money rather than on the mere holding of the money as trustee. The case of Manhattan Company v. Blake, 148 U. S. 412, 13 S.Ct. 640, 37 L.Ed. 504, is applicable. It follows that the prayer of the bill should have been allowed, the funds should have been declared a general deposit and not a trust fund, the bank should have been discharged as trustee, and that the decree should be reversed.